PERGASON *et al. v.* ETCHERSON *et al.*, and *vice versa.*

1. One of the grounds of the *caveat* being that the testator was mentally incompetent to make a will, evidence that he derived from his wife, by marriage, the bulk of the property upon which he built up his estate, was admissible, the will making for her a provision somewhat inconsistent in point of liberality with this fact, according to what might be a natural course of conduct on the part of a husband. That the widow acquiesced in the will and was no party to the *caveat* would not affect the admissibility of the evidence.

2. Where a witness has been sequestered and ordered to remain out of the court-room, there is no error in hearing in the presence of the jury his excuse for alleged disobedience of this order.

3. When such witness, as his excuse for returning to the court-room or within hearing of other witnesses who were being examined, presented the fact that counsel had assured him he would not be introduced, and his statement was confirmed by the counsel and accepted by the court, and the witness was thereupon discharged from the proceeding for contempt, this court will not control the discretion of the trial judge in afterwards refusing to allow counsel on that side to introduce and examine this witness, the ground of the application to examine him being that the counsel was mistaken in thinking that the witness would not be sworn and examined. The facts of this case on the point in question are different from those in the case of *May v. The State*, 90 *Ga.* 793.

v 91-50

4. The verdict, on the pleadings and the evidence, was warranted in so far as it found in favor of one of the caveatrixes, but not so as to the finding in favor of the other. Consequently, there was no error in refusing a new trial as to the former and in granting a new trial as to the latter.

5. The denial in vacation of a motion to dismiss a motion for a new trial is cause for a separate and independent writ of error, and if none is sued out and no exceptions are entered *pendente lite*, it is too late, after the expiration of thirty days from the date of the decision, to bring the question to this court.

July 24, 1893.

Before Judge Harris. Heard superior court. March term, 1892.

P. F. Smith, W. H. Daniel and Adamson & Jackson, for the propounders.

P. H. Brewster, P. H. Whitaker, Jr., and F. S. Loftin, *contra.*

Simmons, Justice.

1. The will was caveated on several grounds, among them that the testator was not of sound and disposing mind and memory. The caveatrix proved by her mother that when she married the testator he had no property, but was a poor man, and that as her husband he got from the estate of her father $4,500. This was objected to on the part of the propounders, on the ground that it was irrelevant and immaterial. The objection was overruled, and this ruling is alleged to be error. We agree with the trial judge that the evidence was admissible. Any fact or circumstance which would tend to show unsoundness of mind on the part of the testator was admissible in evidence. The fact may not be of much weight, but it was not for the court to judge of its weight; that was the province of the jury. The testator by his will made a liberal provision for all of his children except two daughters, to whom he gave $5 each, and left nothing to his wife, further than to direct that his son Robert should support her out of the property devised to him, this to be in lieu of dower as well

as year's support. In other words, she was to get noth-
ing at all under the will unless she waived the provision
which the law makes for the wife in all cases. We
think a jury might properly consider, in passing upon
the mental condition of the testator, that a husband
who had derived his property or the bulk of it from his
wife, might not have made a provision for her so far in-
consistent with that fact, and so far different from what
would be expected of a husband under such circum-
stances, if he had been of sound and disposing mind and
memory at the time of making the will. A fact thus
tending to show the unreasonableness of the will would
undoubtedly have a legitimate bearing upon the ques-
tion of the testator's mental condition. The fact that
the widow did not contest the will would not affect the
admissibility of this evidence. It could not preclude
the party attacking the will from showing that the pro-
vision made for the widow was unreasonable and indic-
ative of mental unsoundness on the part of the testator.

2, 3. It appears from the record that at the commence-
ment of the trial the witnesses were separated and or-
dered to remain outside of the court-room. During the
trial one of the witnesses violated this order, and was
brought before the court for contempt. The excuse
offered by the witness was that Daniel, one of the coun-
sel for the propounders, had told him that his testimony
would not be used. The court accepted his excuse and
discharged him. Counsel stated to the court that after
the court had adjourned, they learned that the pro-
pounders had not discharged this witness; that Daniel
was mistaken in thinking they would not swear the
witness; that he knew but one fact, and that was a
matter which no other witness had testified about and of
which no mention had been made to the jury. The court
refused to allow the witness to testify, and exception
was taken to this ruling, and also to the action of the

court in hearing the excuse of the witness in the presence of the jury. When the witness made the statement to the court that he had been discharged as a witness, it was confirmed by counsel and the court accepted it as an excuse. Doubtless all the counsel and their clients were present when the excuse was offered and accepted, and the witness discharged and allowed to remain and hear the other testimony. Under this state of facts we do not feel authorized to interfere with the discretion of the trial judge in refusing to allow the witness to be examined. If the witness and Mr. Daniel had made a mistake as to his being discharged, the other counsel and the propounders, who were doubtless present, could have corrected the mistake, and should have done so then and there. To compel the court to receive the testimony of the witness, under these circumstances, would be to virtually abrogate that section of the code which gives to either party the right to require the witnesses to be separated during the trial. It would allow a witness and counsel to entrap the court, and any order the court might give to separate the witnesses would be rendered nugatory. Under the peculiar circumstances of this case, we will not control the discretion of the court below in refusing to allow the witness to testify. The facts of this case on the point in question are not like those in the case of *May* v. *The State*, decided at the last term. 90 *Ga.* 793. In that case counsel asked that a brother of the accused might be allowed to remain in the court-room to assist in the defence. The solicitor-general objected; whereupon the court ruled that he must retire. Counsel for the accused then agreed not to put him on the stand as a witness, and upon this statement the court allowed him to remain. Subsequently this person was offered for the sole purpose of impeaching a witness. Under these facts it was held that the court erred in not allowing the witness to testify.

In that case the judge ought not to have required the agreement made that the witness should not be placed upon the stand, as a condition for allowing him to remain in the court-room, because the accused was entitled to have him present to aid in the defence, whether he was a witness or not, it being a capital case; and besides, in that case the witness was offered merely to impeach a witness for the State, while in this case the witness was offered upon a vitally important question.

There was no error in hearing the excuse of the witness in the presence of the jury.

4. When the will was offered for probate it was caveated by Mrs. Etcherson alone. Subsequently her sister Mrs. Duke asked to be made a party to the *caveat*, and an order was taken making her a party. Mrs. Duke filed no *caveat* and did not adopt the grounds of the *caveat* filed by Mrs. Etcherson. The verdict of the jury was, that the paper offered for probate was the last will of the testator except as to Mrs. Etcherson and Mrs. Duke, and that as to them it was made under a mistake of fact in regard to their conduct. In passing upon the motion for a new trial made by the propounders, the court refused the motion as to Mrs. Etcherson, but granted a new trial as to Mrs. Duke. The propounders excepted to the refusal of a new trial as to Mrs. Etcherson, and Mrs. Duke filed a cross-bill excepting to the judgment granting a new trial as to her.

There was sufficient evidence to authorize the finding as to Mrs. Etcherson. Her *caveat* fully set out the grounds on which the will was void as to her, among them the ground upon which the jury predicated their finding. But as before remarked, Mrs. Duke filed no *caveat* and did not adopt that already filed by Mrs. Etcherson; so there were no pleadings on the part of Mrs. Duke upon which the jury could base the finding in her favor; nor was there any evidence that the will

was made on account of a mistake of fact concerning her conduct. We think, therefore, that the court was right in granting a new trial as to her and in refusing one as to Mrs. Etcherson.

5. A motion for a new trial was made in term and an order taken to hear it in vacation. When the motion came on for a hearing in vacation, counsel for the respondents moved to dismiss it, for the reason set forth in the motion, which it is unnecessary to mention here. The court overruled the motion to dismiss and heard the case. After the court passed upon the motion the propounders sued out their bill of exceptions in proper time, complaining of the judgment of the court refusing to grant a new trial as to Mrs. Etcherson. Mrs. Etcherson and Mrs. Duke sued out a cross-bill of exceptions, complaining jointly of the judgment refusing to dismiss the motion for a new trial, and Mrs. Duke complained separately of the judgment granting a new trial as to her; but this cross-bill was not sued out in thirty days from the time of the decision refusing to dismiss the motion for a new trial. The motion to dismiss a motion for a new trial is not a motion connected with the merits of the case. The refusal to sustain such a motion is cause for a separate and independent writ of error, which should be sued out within thirty days from such refusal. If not sued out within that time, or if no exceptions are entered *pendente lite*, it is too late after the thirty days have expired to bring the case to this court. For this reason we cannot consider the questions made in this part of the cross-bill of exceptions.

*Judgment on both bills of exceptions affirmed.*