## CUNNINGHAM *v.* THE STATE.

*Simmons, C. J.*—1. Where in the trial of a criminal case a witness for the accused was sworn and sequestered, but in disobedience of the court's order returned to the court-room and heard the testimony of some of the State's witnesses, this fact alone afforded no reason for excluding him from testifying. Having heard the testimony of the other witnesses would go to his credit, but would not render him incompetent; and his misconduct, while not operating to disqualify him, simply rendered him amenable to the court as for a contempt. *May* v. *The State*, 90 *Ga.* 793, and cases cited; *Metropolitan Street R. Co.* v. *Johnson, Id.* 500. The ruling now made is not inconsistent with that announced in *Pergason* v. *Etcherson*, 91 *Ga.* 785. There the conduct of the counsel amounted to a voluntary waiver of their right to introduce the witness who had disobeyed the court's order, and by means of such waiver they had procured the discharge of the witness from the rule for contempt. After having thus waived the right to introduce the witness under the circumstances stated, this court would not compel the trial judge to allow the waiver to be recalled and the witness examined.

2. Under such circumstances it was error to reject the testimony of the witness when offered to prove competent facts; but this error will not require the granting of a new trial, when the evidence rejected was only of an impeaching character of little or no materiality, and not such as would be at all likely to produce a verdict different from that which the jury rendered.

3. The several grounds of the motion for a new trial alleging error in admitting evidence cannot be considered, it not appearing that any objection to such evidence was made at the time when it was offered.

4. The evidence fully warranted the verdict, and there was no error in refusing a new trial.　　　*Judgment affirmed.*

July 29, 1895.

Indictment for robbery. Before Judge Clark. Rockdale superior court. April term, 1895.

*G. W. Gleaton* and *Glenn & Irwin,* for plaintiff in error.
*J. S. Candler, solicitor-general,* contra.