## 2480. THOMAS *v.* THE STATE.

1. Where witnesses have been separated at request of counsel, a person not sworn and sequestered, but who has remained in the court-room and heard the testimony in the case, is still competent to testify as a witness in the cause. If he has been purposely kept in the court-room in disobedience of the orders of the court, with knowledge of the fact that he was to be used as a witness, the fact that he has heard the testimony goes to his credit, and the court may punish either the party who caused him to remain in the court-room or the witness himself, or both, according to the circumstances, for contempt of court; but it is error to refuse to allow him to testify, unless the party offering him has expressly waived the right to use the witness.

2. A party's right to have the testimony of any witness, when material to the assertion of his rights, is, under the provisions of the evidence act of 1889 (Civil Code, §5269), unabridged, except by the exceptions therein specified, and is unaffected by section 5280 of the Civil Code (Penal Code, §1017), which relates to the sequestration of witnesses.

Accusation of sale of liquor; from city court of Ashburn—Judge Williamson presiding. January 22, 1910.

Argued March 22,—Decided April 6, 1910.

*John B. Hutcheson, James H. Pate,* for plaintiff in error.

*J. A. Comer, solicitor,* contra.

RUSSELL, J. The general grounds of the defendant's motion for a new trial need not be considered further than to say that the evidence in behalf of the State would have authorized the verdict which found the defendant guilty. Inasmuch, however, as it appears from an assignment of error in the amendment to the motion for new trial, approved by the trial judge, that the defendant was deprived of testimony to which he was legally entitled, a new trial must result. During the trial counsel for the defendant called to the stand, from the court-room, one Robert Rouse, and administered the oath to him. Thereupon counsel for the State objected to his testifying, upon the ground that the witnesses had been sequestered by order of the judge, upon the defendant's motion, and that this witness had been in the court-room during the trial of the case, and had sat by the defendant's counsel and assisted him in striking the jury. Counsel for the defendant stated to the court that this witness's testimony would be beneficial to the defendant's case, and that the witness was not sworn and sent out with the other witnesses at the beginning of the trial, for the reason that the defendant had no means of apprehending, and could not possibly have apprehended, that the testimony which the evidence of this witness would rebut would be brought out in the trial. He was proceeding to state what the witness would testify, but counsel for the State objected to his doing this in the presence of the jury. He then requested the court to retire the jury and permit him to state to the court what the testimony of the witness would be, so that the court could properly exercise its discretion. The court refused to retire the jury or permit counsel to state what facts he sought to prove by the witness, and refused to allow the witness to testify in the case.

We think the court erred in excluding the testimony of the witness. The judge certifies that the court's ruling was as follows: "I think that where counsel ask a ruling, they ought to be bound by it." Section 1017 of the Penal Code (Civil Code, §5280) leaves it discretionary with the trial judge as to whether he will sequester all or a part of the witnesses in a case, and likewise makes it a matter of discretion as to whether he will punish disobedience of his order requiring the witnesses to be separated. It is also a matter of discretion as to whether he will allow witnesses who have already been sworn to return to the room where witnesses who

have not yet testified are assembled, and whether he will permit sequestered witnesses to converse with other parties.   Any violation of the judge's rule in regard to the sequestration is punishable as contempt, but we know of no law under which it has been held that the judge can forbid the witness to testify because he has remained in the court-room and heard the testimony, unless under the peculiar circumstances of the case the party who offered the testimony could rightly be held to have waived the testimony of the witness.

If in every case, without exception, where the judge had ordered the sequestration of witnesses, he could refuse to allow a witness to testify after the witness had heard the testimony of other witnesses on the trial, it would be within the power of the court to deprive a party in some cases of the only witness whose testimony would be material and valuable.   It is evident, from the language employed by the trial judge in ruling on the point, that he was of the impression that the counsel for the defendant had expressly waived the use of the witness; for the language used was that where counsel ask a ruling they should be bound· by it.   In *Cunningham* v. *State,* 97 *Ga.* 215 (22 S. E. 954), a distinction is drawn between the case of *Pergason* v. *Etcherson,* 91 *Ga.* 785 (18 S. E. 29), and the cases of *May* v. *State,* 90 *Ga.* 793 (17 S. E. 108), *Metropolitan Street R. Co.* v. *Johnson,* 90 *Ga.* 500 (16 S. E. 49), *Rooks* v. *State,* 65 *Ga.* 330, *Lassiter* v. *State,* 67 *Ga.* 739, and *Bone* v. *State,* 86 *Ga.* 108 (12 S. E. 205) ; and it was held, that "where in the trial of a criminal case. a witness for the accused was sworn and sequestered, but in disobedience of the court's order returned to the court-room and heard the testimony of some of the State's witnesses, this fact alone afforded .no reason for excluding him from testifying."   It is pointed out in the *Cunningham* case, supra, that in the *Etcherson* case "the conduct of the counsel amounted to a voluntary waiver of their right to introduce the witness who had disobeyed the court's order," and that "by means of such waiver they had procured a discharge of the witness from the rule for contempt."   It was held that the trial judge would not be compelled to allow the waiver to be recalled and the witness examined.   Under the statement of counsel for the defendant in the present case, which was not contradicted, there was no waiver of his right to introduce the witness Rouse; because he had not in-

tended to introduce the witness, nor could he foresee that there would be a necessity to introduce him. Even if the counsel had knowingly kept the witness in the court-room, unless he had expressly waived his right to introduce him, the court could not have deprived the party of the testimony, though the court might have punished the counsel and the witness also for contempt of court, depending upon whether both or only one of these persons knowingly violated the order of the court. In *Etheridge* v. *Hobbs,* 77 *Ga.* 532 (3 S. E. 251), it was held that in a civil case, where the witnesses were sworn and put under the rule, but one of them who had been subpœnaed remained in the court-room and heard what transpired throughout the trial, it was not error to refuse to allow him to testify; but it appears that in that case the testimony had been closed before the witness was offered; and the ruling is based entirely upon the idea that as it is discretionary with the court in all cases whether the case should be reopened after the testimony is closed, the Supreme Court would not say, under the peculiar circumstances of the case, that this discretion had been abused. So far as we can find from examination of the adjudicated cases, the disobedience of the order for sequestration is a mere irregularity, which subjects the offender to punishment and may affect his credit as a witness before the jury, but does not render the witness in-competent.

Some of the rulings which seem to intimate that it would be discretionary with the court to exclude the testimony of a witness who has disobeyed an order of sequestration were made before the passage of the evidence act of 1889. Since the passage of that act, especially in view of the rulings in *May* v. *State,* and *Cunningham* v. *State,* supra, *McWhorter* v. *State,* 118 *Ga.* 55 (44 S. E. 873), and *Phillips* v. *State,* 121 *Ga.* 358 (3), (49 S. E. 200), we hold that the witness could not be excluded for disobedience of the court's order in regard to sequestration. In a criminal case, even though the party himself might be punishable for contempt, he could not properly be visited with a conviction of the offense of which he stands charged, as a punishment for contempt. A party's right to have the testimony of any witness, when material to the assertion of his rights, is, under the provisions of the evidence act of 1889 (Civil Code, § 5269), unabridged, except by the exceptions therein specified, and is unaffected by section 5280 of the Civil Code

(Penal Code, §1017), which relates to the sequestration of witnesses.                                          *Judgment reversed.*