346

## 22863. HIGDON v. THE STATE.

GUERRY, J.  1. It was not error for the court to allow witnesses who had remained in the court-room to testify, although the rule for the sequestration of witnesses had been invoked.  Such a witness who is in wilful disobedience of the order of the court may be attached for contempt, but he is not disqualified as a witness.  "A party's right to have the testimony of any witness, when material to the assertion of his rights, is, under the provisions of Code § 5858, unabridged, except by the exceptions therein specified, and is unaffected by § 1043 of the Penal Code which relates to the sequestration of witnesses." *Thomas* v. *State*, 7 *Ga. App.* 615 (67 S. E. 707); *May* v. *State*, 90 *Ga.* 793 (17 S. E. 108); *McWhorter* v. *State*, 118 *Ga.* 55 (44 S. E. 873); *Phillips* v. *State*, 121 *Ga.* 358 (49 S. E. 290); *Wallace* v. *Mize*, 153 *Ga.* 374 (112 S. E. 724); *Pope* v. *State*, 42 *Ga. App.* 680 (157 S. E. 211).

2. The evidence supports the verdict, and there was no error in denying the motion for a new trial.

*Judgment affirmed.  Broyles, C. J., and MacIntyre, J., concur.*

DECIDED FEBRUARY 3, 1933.

*J. B. & T. R. Burnside,* for plaintiff in error.
*M. L. Felts, solicitor-general,* contra.

## 22864.  STEVENSON v. THE STATE.

BROYLES, C. J.  This case is controlled by the decision in the companion case of *Higdon* v. *State*, 46 *Ga. App.* 346, supra.

*Judgment affirmed.  MacIntyre and Guerry, JJ., concur.*

DECIDED FEBRUARY 3, 1933.

*J. B. & T. R. Burnside,* for plaintiff in error.
*M. L. Felts, solicitor-general,* contra.