## DARLEY *v.* DARLEY

DUCKWORTH, Chief Justice. On a wife's petition for divorce and alimony for her minor child a verdict for divorce and awarding $4 a week alimony for the minor child was returned in 1942, and a decree granting a divorce to the wife but omitting the alimony awarded was entered at that time. On application of the wife, and after due notice and a hearing, the decree was amended in 1948 to make it conform to the verdict of the jury by including an award of $4 per week alimony for the child. The husband failed and refused to pay any part of the alimony accruing between the date of the original decree and the date of the amendment, and had not paid any of the alimony subsequently to the amendment but expressed a willingness to do so. Upon a citation for contempt for non-payment it appeared that he was earning

more than $40 per week, and he was adjudicated in contempt of court but allowed to purge himself of the contempt by paying the arrears in instalments of $4 per week, beginning on November 12 1948. The defendant excepts, contending that he is liable for alimony only from the date of the amendment in 1948. *Held:*

"A court has power to amend its judgments and executions so as to make them conform to the verdicts upon which they are predicated." *Mahone* v. *Perkinson,* 35 *Ga.* 207. While this cannot be done after the term on the court's own motion, if the defect sought to be cured does not appear of record and resort to extraneous evidence is necessary (*Crowell* v. *Crowell,* 191 *Ga.* 36, 11 S. E. 2d, 190), it may, however, be done at any time to correct errors appearing on the record. *Bank of Tupelo* v. *Collier,* 192 *Ga.* 409 (15 S. E. 2d, 499). When so amended the decree relates back and is effective as of the date of the original decree where there are no innocent third persons involved. In the instant case, the husband was liable for the weekly alimony from the date of the original decree, and, accordingly, the court did not err in adjudging him in contempt for nonpayment of the amount in arrears. *Judgment affirmed. All the Justices concur.*

No. 16520. FEBRUARY 16, 1949.

*Frank G. Wilson* and *Frank M. Hardeman,* for plaintiff in error.

*Hallie B. Bell,* contra.