21299. McCARTNEY v. McCARTNEY.

DUCKWORTH, Chief Justice. 1. Where the plaintiff's and the defendant's grounds for divorce and evidence were based on cruel treatment arising out of the same facts and circumstances such as the failure of one spouse to love the other, thus making life miserable and unbearable, but denied by the other, and accusations of lying, deceit, and spying, denied by the other, and such alleged false allegations being urged as grounds of cruel treatment, it is reversible error to charge the jury that a divorce may be granted in favor of both parties, since the result would be manifestly based on diametrically conflicting opinions as to the credibility of the same witnesses. *Anthony v. Anthony,* 103 Ga. 250 (29 SE 923); *Hyde v. Hyde,* 200 Ga. 635 (38 SE2d 287); *Hyndman v. Hyndman,* 208 Ga. 797 (69 SE2d 859); *Moon v. Moon,* 216 Ga. 627 (118 SE2d 473). Thus the court erred in charging that, "if both have made out a case of cruel treatment, you would grant a divorce to both of the parties," since the jury could not in one breath believe both parties. And even though the evidence sustains their contentions, it does not authorize a verdict which is inconsistent. For the reason stated above, both the special ground complaining of the above charge and the general grounds are meritorious.

2. Each party having charged and proved cruel treatment by accusations, alleged by the other to be false, and denial of love for the other, the court erred in failing to charge, without

request, in terms of *Code* § 30-109 that, if the jury found both parties guilty of like conduct, the jury should refuse a divorce to either of them. *Moon v. Moon,* 216 Ga. 627, supra; *Brackett v. Brackett,* 217 Ga. 84 (121 SE2d 146). Thus the special ground complaining of the failure to charge on like conduct is meritorious.

3. Special ground 7 complains of an excerpt from the charge, that the law does not contemplate an award of alimony sufficient to enable the wife to retire from active earning capacity where she has been accustomed to supporting herself, as an incorrect statement of law. Both the pleadings and the evidence contend that the wife had been employed during much of her married life, and she had only obtained a leave of absence from her job shortly before filing for divorce, hence the charge complained of was authorized, and this ground is without merit.

4. Special grounds 8 and 10 complain of expressions of opinion by the court during the trial as to what had or had not been proven in regard to the dependency of the wife for support, the needs of the wife, and the ability of the husband to pay. Such expressions as therein complained of, made by the court as to what had or had not been proved, were highly prejudicial and improper, and these grounds are meritorious.

5. The special ground objecting to the judgment as not following and conforming to the verdict has no place in a motion for new trial, and will not be considered, particularly where the court sought to correct it and the judgment will be set aside by the grant of a new trial. *Code* §§ 110-311, 24-104 (6); *Foster v. Allen,* 201 Ga. 348 (2 a, b) (40 SE2d 57); *Darley v. Darley,* 204 Ga. 785 (51 SE2d 846). Nor will the exceptions to the judgment and the judgment after amendment be considered for the same reason.

6. Special ground 9, complaining of the failure to allow a thorough and sifting cross-examination of the plaintiff, is without merit, since counsel had already cross-examined the plaintiff with reference to the testimony, and the trial judge was only seeking by restricting counsel to complete the trial by not delaying it further. Restriction of useless and repetitious questioning is discretionary with the trial judge. *McLeod v. Wilson,* 108 Ga. 790 (33 SE 851); *Clifton v. State,* 187 Ga. 502 (4), 508 (2 SE2d 102).

7. A party's right to have the testimony of any witness, when

202

material to the assertion of his rights, is unabridged, except by the exceptions under *Code* § 38-1603, and this right is unaffected by the rule of sequestration of witnesses under *Code* § 38-1703. *May v. State,* 90 Ga. 793 (17 SE 108); *Thomas v. State,* 7 Ga. App. 615 (67 SE 707); *Cunningham v. State,* 97 Ga. 214 (22 SE 954); *McWhorter v. State,* 118 Ga. 55 (44 SE 873); *Phillips v. State,* 121 Ga. 358 (3) (49 SE 290). Thus, the disobedience of an order of sequestration is a mere irregularity, subjecting the offender to punishment for contempt and may affect his credit as a witness, but it does not render the witness incompetent. However, in the instance complained of, the court did not refuse to allow the absent witness to testify because he had violated the rule of sequestration by merely closing the evidence, since the witness was apparently not present to testify. No attempt was made to reopen after the testimony was closed, and in fact the witness was never offered. This ground is without merit. But, for the reasons stated above, the court erred in denying the motion for new trial as amended.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 11, 1961—DECIDED SEPTEMBER 8, 1961.

*deGive & Fendler, John L. Westmoreland, John L. Westmoreland, Jr., Harry P. Hall, Jr., M. K. Pentecost, Jr.,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin,* contra.