## 49083. LUTHER v. DeKALB COUNTY.

DEEN, Judge.

1. It is well settled that the right to a thorough and sifting cross examination must not be abridged (Code § 38-1705), but that "restriction of useless and repetitious questioning is discretionary with the trial judge." *McCartney v. McCartney,* 217 Ga. 200 (6) (121 SE2d 785). In this condemnation case a witness had stated once on direct examination and once on cross examination that an adjacent piece of property to that under consideration had sold for $209,000. On further cross examination he attempted to adjust the sale price of this and another piece of property to a per-acre price. On objection the appellant's attorney stated: "Mr. Barrett is testifying now as to how he got a $209,000 sale down to $20,000." The witness volunteered: "Let me clear this up. I did not testify that I got my $209,000 down to $20,000; that is $20,000 per acre." Following this, the third question was: "And that sales price on January 29, 1968, was $209,000?" to which an objection was interpolated based on repetition. There was no abuse of discretion in sustaining the objection.

2. "The constitutional provision is susceptible to no construction except the condemnee is entitled to be compensated for all damage to his property and expense caused by the condemnation proceedings. Such damages and expenses are separate and distinct items from the amount which he is entitled to recover as the actual value of his building." *Bowers v. Fulton County,* 221 Ga. 731, 738 (146 SE2d 884). However, where the trial court allows testimony and work sheets showing the amounts paid for moving certain equipment, and where it is not contended that such equipment was damaged in the moving, a depreciation schedule which merely lists the equipment, its price, depreciation schedule, and present cash value, was not material to the condemnee's case, and its exclusion does not constitute reversible error.

3. The remaining enumeration of error has been decided contrary to the appellant's contention. See *Bowers v. Fulton County,* 227 Ga. 814 (183 SE2d 347).

*Judgment affirmed. Hall, P. J., and Stolz, J., concur.*

ARGUED FEBRUARY 12, 1974 — DECIDED FEBRUARY 19, 1974.

*Edward D. Wheeler,* for appellant.
*George P. Dillard,* for appellee.