## 34523. LOWE v. LOWE.

UNDERCOFLER, Presiding Justice.

This is a dispute over when child support payments terminate. It grows out of a divorce and alimony suit in 1965 involving two minor children then aged 7 years and 4 years. A handwritten jury verdict provided, "We find support for the minor children of the parties as follows:

Property and trailer to be held for children until age 21. Insurance money now deposited in bank to be administered at rate of $100.00 per month until fund exhausted; Clarence Lowe to pick up further support as said $100.00 per month." The same date a typewritten jury verdict provided similarly that when the insurance funds were exhausted Clarence Lowe should pay ". . . for the support of said children the sum of $100.00 per month until said children reach the age of 21 years."

The judgment entered on the verdict provided, ". . . that payment of child support as herein provided shall be made by Defendant to Plaintiff at the rate of $50.00 per month for each of said minor children, and such payment for each of said children shall continue until such child becomes self-supporting, marries, or attains the age of twenty-one years." In 1978, upon motion of the wife, the court ordered that the judgment be corrected for clerical error to conform to the verdict and show, "that the defendant is to pay to the plaintiff the sum of $100.00 per month until the last child reaches 21 years of age." We find no error. Code Ann. § 81A-160 (g). The verdict awarded a lump sum as monthly child support and it cannot be prorated. *Blalock v. Blalock,* 214 Ga. 586 (4) (105 SE2d 721) (1958); *Arnold v. Arnold,* 236 Ga. 594 (1) (225 SE2d 30) (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 2, 1979 — DECIDED FEBRUARY 27, 1979 — REHEARING DENIED MARCH 28, 1979.

*Brown & Romeo, H. Eugene Brown, Robert T. Romeo,* for appellant.

*Arline S. Kerman,* for appellee.

ON MOTION FOR REHEARING.

*Rude v. Rude,* 241 Ga. 454 (246 SE2d 311) (1978) is inapposite. That was a custody case tried without a jury and the complaint was the judge erred in failing to enter findings of fact and conclusions of law. It was held that counsel's approval of the order showed, ". . . that counsel has seen the proposed order and agrees that it contains what the court orally directed be included in it. . . After

approving the form of the order, a party cannot complain of the court's failure to include findings of fact and conclusions of law." *Park v. Park,* 233 Ga. 36 (209 SE2d 584) (1974) is inapposite also. That case involved a voluntary separation agreement made the judgment of the court and the parties disagreed as to whether a provision had been inadvertently omitted from the written agreement. In the instant case the judge altered the jury's verdict. This is impermissible, obviously a clerical error, and may be corrected. Code Ann. §§ 110-301, 110-311; *Darley v. Darley,* 204 Ga. 785 (51 SE2d 846) (1949).

*Motion for rehearing denied.*