## 35664. ARDNT v. DUDLEY.

JORDAN, Justice.

Appellant Jacqueline Dudley Ardnt and appellee Joel Austin Dudley were divorced in Ohio in 1965 and the decree was later domesticated in Muscogee County, Georgia. Appellant filed a petition for modification of child support payments and on April 27, 1978, a jury returned a verdict as follows: "We the Jury find for the Plaintiff in the amount of $400.00 (Four Hundred) per month while there are two children in the home. When there is one child in the home the payment be reduced to $240.00 (Two Hundred Forty) per month. Payments to start 1 May 1978."

The court, seeking to mould its judgment to conform to the verdict entered a final judgment on May 12, 1978, providing in part as follows: "(a) Defendant Joel Austin

Dudley, shall pay to Plaintiff, Jacqueline Dudley Hall, the sum of $400 per month child support for the son of the said parties, Jeffrey Dudley and for the daughter of the said parties, Jody Dudley. (d) Should Defendant's legal obligation to support one of his said children cease by operation of law upon that child's death, marriage, or attaining the age of 18, the Defendant shall pay to Plaintiff the sum of $240 per month child support for the other child of the said parties until said other child becomes 18 years of age, dies or marries, whichever event occurs first."

In November, 1978, the minor son Jeffrey Dudley left the apellant's home and went to live with the appellee without any court order changing support or custody and remained with appellee through and including May 4, 1979, when he became 18 years of age. During this period the appellee reduced his child support payments from $400 per month to $240 per month. Appellant sought to collect the difference in payments by way of garnishment. Collection was stayed when appellee filed a motion on June 29, 1979, under Code Ann. § 81A-160 (g) to correct the final judgment based on a clerical mistake or oversight. After a hearing on July 10, 1979, the trial court entered its order holding that "by oversight" the final judgment was erroneous in that it was in conflict with the jury verdict and provided that appellee was required to pay the full amount of child support only "so long as both of said children are living in the home of the plaintiff." This appeal follows and we reverse.

The transcript reveals that a hearing was set before the May 12, 1978, judgment was signed and entered by the court. Through a misunderstanding or otherwise, counsel for appellee did not appear and the judgment was signed in his absence. Thereafter, a copy of this judgment was forwarded to appellee's counsel, who stated to the court that "we decided for various reasons not to appeal it. We didn't file a motion for a new trial or anything."

The judgment entered on May 12, 1978, was a reasonable interpretation of the intent of the jury verdict. The judgment itself was absolutely and perfectly clear that the appellee was to pay the required child support until one or both of the children died, married or reached the age of 18. There was no clerical mistake, omission or

oversight such as is contemplated by a motion under Code Ann. § 81A-160 (g). The judgment under attack reasonably followed the verdict, was clear and explicit in its terms, was free of error or mistake, and simply was not subject to attack under a 160 (g) motion. The case of *Lowe v. Lowe,* 243 Ga. 398 (254 SE2d 323) (1979), relied on by the appellee, is inapposite to the facts here. In that case the judge altered the jury's verdict. In this case, the judgment followed the reasonable intendment of the verdict.

Neither was the judgment subject to a 160 (e) motion since there is no allegation nor contention that the judgment resulted from fraud, accident or mistake.

In addition, the transcript of the hearing on July 10, 1979, clearly shows an acknowledgment and waiver on the part of the appellee. After being served with a copy of the judgment, appellee made a considered decision not to appeal or otherwise attack the judgment in any manner. Appellee is now making an argument which he expressly waived in 1978.

Under the facts of this case it does not appear that a "clerical error or omission is obvious on the face of the record" nor does the evidence at the hearing "compel the conclusion that the omission was in fact a clerical error." *Cagle v. Dixon,* 234 Ga. 698 (217 SE2d 598) (1975). Therefore the trial court erred in entering an order amending the judgment based on a 160 (g) motion.

*Judgment reversed. All the Justices concur, except Bowles and Clarke, JJ., who concur in the judgment only.*

SUBMITTED NOVEMBER 30, 1979 — DECIDED JANUARY 24, 1980.

*Henson, Collins & Butler, L. Joel Collins,* for appellant.
*Joseph L. Waldrep,* for appellee.