## 38797. FENDER v. FENDER.

</div>

CLARKE, Justice.
The parties to this appeal were divorced in 1979. A jury trial was held on the issues of alimony and property division and judgment was entered thereon in November of 1979. In October of 1981 the former wife filed a motion to correct the judgment based upon clerical error under Code Ann. § 81A-160 (g). The trial court granted the wife's motion and amended the judgment. We granted the former husband's application to appeal made pursuant to Code Ann. § 6-701.1 and now reverse.
The disputed portion of the judgment was based upon an award by the jury of one-half of the sales price of the house, after the mortgage was paid, to husband and one-half to the wife. The judgment entered by the court provided that one-half of the net equity from the sale of the house would be given to each party after payment of the indebtedness due on the security deed and all necessary expenses of sale. It was further ordered that the husband pay the ad valorem taxes due as of the date of judgment and the wife was ordered to reimburse to the husband one-half of the amount paid for taxes from her net proceeds of the sale of the house.
The wife filed a motion to correct the judgment in 1981 contending that the court erred in the adding to the jury verdict those provisions dealing with expenses of sale and ad valorem taxes. The court then amended the judgment to provide that net proceeds be divided after payment of indebtedness on security in the amount due at the time of the jury verdict, costs of sale in the amount of Georgia Revenue Stamps required, and real estate commission, if any. The order amending judgment deletes the provision in the judgment requiring the wife to pay one-half of the ad valorem taxes.

The appellant enumerates error in the granting of the motion in that the initial judgment properly followed the intent of the jury, that the changes made in the present action were not proper under Code Ann. § 81A-160 (g) which allows correction of clerical errors, and that any right to challenge the judgment on these grounds had been waived.

Without reaching the merits of whether the judgment entered in 1979 contained clerical mistakes subject to correction under Code Ann. § 81A-160 (g) we reverse the trial court's granting of the motion because we find the wife had waived her right to this relief.

When the judgment was entered following the jury verdict the language was unambiguously on the face of the record. The wife had complete knowledge of the contents of the judgment. At that time she filed an application to appeal the judgment through her attorney, and no complaint was made as to the form of the judgment. There was no contention that the judgment did not reflect the intent of the jury verdict. The wife has been accepting alimony payments and other benefits under the judgment for over two years prior to filing this motion.

We have held that a party to a divorce decree may waive the right to contest its validity if benefits under the decree have been accepted and retained. *Wilkinson v. Wilkinson,* 241 Ga. 303 (245 SE2d 278) (1978). The appellee-wife contends that the doctrine of waiver should not be applied to motions under Code Ann. § 81A-160 (g), even though other remedies under Code Ann. § 81A-160 may be waived by acts of the parties. We do not find this argument persuasive. In *Ardnt v. Dudley,* 245 Ga. 127 (263 SE2d 159) (1980), which held a judgment was not subject to a 160 (g) motion, we also stated that since the movant after notice of the contents of the judgment, had "made a considered decision not to appeal or otherwise attack the judgment in any manner," the right to correct an alleged clerical error had been expressly waived. *Ardnt,* supra at 129.

In the present case a "considered decision" was made to file an application to appeal in 1979. The errors enumerated did not complain of clerical error or that the judgment did not follow the intent of the jury verdict although the terms of the judgment were clear and the issues could have been raised. We hold that the acts of a party may result in a waiver of the right to bring a motion under Code Ann. § 81A-160 (g) and find that under the circumstances of this case the former wife had waived that right.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1982.

*Surrett, Choate & Walker, Carl J. Surrett,* for appellant.
*Fleming & Blanchard, J. Richard Dunstan,* for appellee.