## BROWN *et al. vs.* GUNN.

[Hall, J., being disqualified, Judge Stewart, of the Flint circuit, presided in his stead.]

1. A dedication to public use is, " when one being the owner of lands consents, either expressly or by his actions, that it may be used by the public for a particular purpose."

2. To establish the fact that land has been dedicated to the public, the consent of the owner of the land, as well as a reasonable description of the same, should be shown in such manner as that the metes and bounds of the land can be identified. The owner of land, upon which is a graveyard, who permits his neighbors to use the same as a burial-ground, is not estopped from the exclusive use of such lands, upon the ground that the same has been dedicated to public use.

December 15, 1885.   (Head-notes by the court.)

Dedication.   Cemeteries.   Estoppel.   Before   Judge SIMMONS.   Bibb   Superior   Court.   October   Adjourned Term, 1884.

Reported in the decision.

J. RUTHERFORD, by brief, for plaintiffs in error.

GUSTIN & HALL, for defendant.

STEWART, Judge.

Complainants filed a bill in Bibb superior court against the defendant, and in substance alleged that some two and one-half miles south of Macon is situated a graveyard upon the land of defendant; that the tract of land was dedicated by Agnus McAllum to the use of the public as a burying-ground, and that the public has used the same for about forty-three years. That for many years it was known as the McAllum graveyard, and afterwards as the Hughes burying-ground; that one James Hughes owned and resided upon adjacent lands, and for many years used this graveyard for burying his family, both white and

black; and that the public generally used the place as a family burying-ground, and have so continued up to the filing of this bill; and that the same was used without complaint down to the time that defendant, U. M. Gunn, purchased the land. Complainants insist that, by the conduct of the owners of the land, the same was dedicated to the public use. Complainants allege that the limits of the graveyard were not precisely defined, but that it included four or five acres of land. They also allege that they are persons of color, and that probably more colored than whites are buried there. Complainants allege that they have applied to one H. Peters, who sold to the defendant, Gunn, to have the boundaries of said graveyard defined, and did pay him some money on a contract for that purpose; that is, to have five acres, including the present graves, designated as the graveyard. Complainants insist that their efforts to have the limits of the graveyard defined ought not to affect the rights of the public in the use of said property, for complainants insist that the dedication was complete.

Complainants allege that defendant, Gunn, had notice of the existence of said graveyard when he purchased, and that some of his deeds contain a reservation of four acres in a specified part of his lands, which corresponds with the location of said graveyard.

Complainants further allege, that said defendant has forbidden the use of said graveyard, and has enclosed the same with a fence. These are, in substance, the allegations in complainants' bill.

On September 23d, 1882, Judge Simmons, upon application, granted a restraining order, by the terms of which defendant was prohibited from interfering with those who desired to use said graveyard for burial purposes.

On February 5th, 1885, after hearing the argument, Judge Simmons sustained a demurrer to said bill, the same having been demurred to for want of equity, and because complainants did not show what interest, if any, they had

in the subject-matter of litigation.   The decision of Judge Simmons, sustaining the demurrer and dismissing said bill, is now before this court for review.

By the provisions of the 2684th section of the Code, as well as by the ruling of this court, in 12 *Ga.*, page 239, a dedication to public use is, " when one, being the owner of lands, consents, either expressly or by his actions, that it may be used by the public for a particular purpose." In the case of The Recorder and Trustees of the City of Cincinnati *vs.* Edward White, the Supreme Court ruled, " that if the owner of land assented to its use and enjoyment for such a length of time that the public accommodation and private rights might be materially affected by an interruption of the enjoyment, such use would amount to a dedication."   See 6 Peters' Rep., page 431.   In view of these authorities, we hold that Judge Simmons should have dismissed the bill :

First, because the allegations of the bill failed to show that the land in question was dedicated to the use of the public.

Secondly, because the allegations as to the quantity of the land and the boundary thereof are too indefinite and uncertain to establish a dedication.

As we understand this case, from the allegations in the bill, McAllum, Hughes, Ralston, Tufts and Mr. Gunn, the defendant, have owned said tract of land, and have used the same as a burial-ground, and have permitted others to so use it, but this permissory right, as exercised by others, was a mere privilege granted them, and, under the statements in the bill, did not amount to a dedication.   Therefore, the judgment of the court below is affirmed.