COLLIER *v.* HYATT *et al.*

FISH, J.  1. One of several defendants in an action of tort has no right of exception to a judgment sustaining a demurrer filed by his codefendants to the plaintiff's petition.

2. Where a contract recites that S. has rented and leased from C. a building for five years at a designated sum to be paid in monthly instalments, and if not promptly paid the lease to terminate at C.'s option; that C. agrees, should the building be destroyed by fire, the lease shall cease; that S. shall have permission to make at his own expense such alterations in the building as he may desire, provided he does not weaken or damage the same; that S. shall keep the building in thorough repair at his own expense, and deliver it up at the expiration of the lease in as good order and repair as when it was received, usual wear and tear excepted; and that if C. should desire to tear down the building and erect a new one on the premises at any time during the lease, S. shall vacate upon sixty days notice, S. to have the right to occupy the ground floor and basement of such new building when completed, at a rental then to be agreed upon: *Held,* that under the terms of such contract S. does not take an estate for years in the building, but simply becomes the tenant of C., and acquires only the right to possess and enjoy the use of the building for the term fixed by the contract.

3. Where in an action for personal injuries, against several defendants, the plaintiff's petition alleged, in substance, that one of the defendants was the owner and lessor of a building which abutted upon the sidewalk of a public street, and, for the convenience and use of the tenants thereof, maintained an excavation or coal-hole, opening from the sidewalk to the cellar or basement of the building, the covering of which hole was on a level with and formed a part of the sidewalk,

110b 317<br/>111 560<br/><br/>110 317<br/>Case 2<br/>118 687

that, by reason of his negligence, such covering was unsafe and dangerous to persons traveling on the sidewalk, and he, having for months actual notice of this fact, allowed it to remain in this defective and dangerous condition, that the plaintiff, thinking such covering was securely fixed and safe, stepped upon it and was precipitated through the hole to the cellar below, thereby sustaining serious injuries, a cause of action against the owner of the building was set forth, and a general demurrer by him to the petition was properly overruled by the court.

4. The grounds of the special demurrer to the petition were sufficiently met by amendment.

*Judgment affirmed. All the Justices concurring.*

Argued December 16, 1899.— Decided February 28, 1900.

Action for damages. Before Judge Reid. City court of Atlanta. July term, 1899.

*King & Anderson* and *Lewis W. Thomas,* for plaintiff in error.

*D. W. Rountree, Hamilton Douglas, F. R. Walker, A. A. Meyer,* and *John L. Hopkins & Sons,* contra. •