### 24553. KERNS *v.* CRAWFORD.

DECIDED APRIL 19, 1935.

*Carl Tallant, Oliver & Oliver,* for plaintiff.
*R. W. Smith Jr.,* for defendant.

SUTTON, J. Plaintiff parked his automobile in the street at Gainesville and walked around its rear into the street, according to one view of the evidence, in front of the defendant, who was driving his automobile truck. The plaintiff charges negligence on the part of the defendant in violating a speed ordinance of the city and in unnecessarily driving too close to the rear of the plaintiff's parked car, and the defendant contends that the plaintiff was injured on account of his own negligence in that he failed to exercise ordinary care for his safety, in walking out from behind his parked automobile directly in front of the defendant's oncoming truck, with his head turned looking in the opposite direction. The jury returned a verdict for the defendant. Plaintiff moved for a new trial, the motion was overruled, and the case is in this court to review that judgment.

■ Failure to comply with rule 9 of this court (Code of 1933, § 24-3609), relative to specifying the reasons why this court has

jurisdiction, does not render the bill of exceptions subject to dismissal, but will subject the offender to be dealt with for contempt. Code of 1933, §§ 6-1306, 24-3651.

■ The trial judge did not err in charging the jury that if they "should find that there was a valid municipal ordinance in effect at the time limiting the speed of automobiles to 25 miles per hour, and . . should find that this defendant was violating the terms of that ordinance at the time," and that the plaintiff's injuries were caused by reason of the violation thereof, they could find for the plaintiff. This charge did not submit to the jury the determination of the reasonableness or validity of the ordinance, but whether the ordinance was in existence or effect at the time of the plaintiff's injuries, and whether the defendant violated it and thereby caused the plaintiff's injuries. The courts of this State, other than a municipal or recorder's court, will not take judicial cognizance of a municipal ordinance, but its existence must be proved by the party relying upon its violation for a recovery.

■ After the jury had been out all night and were called in by the trial judge for further instructions, the following occurred: The court: "I understand that there is some question you wanted to ask the court, is that correct?" Juror: "Yes, sir, we want an explanation on the negligence of both parties." The court: "Do you mean the rule as to the amount of care required by the law of both parties?" Juror: "Yes, sir." The court: "Under the law of this State, both the plaintiff and the defendant are required to exercise ordinary care, and the definition of ordinary care is just that care which every prudent man would exercise under the same or similar circumstances. And with this definition, it is a question of fact for you to determine whether or not the parties did exercise ordinary care. The defendant owed the plaintiff the duty of exercising ordinary care in so far as the particulars of negligence charged against him in the petition are concerned; and the plaintiff owed the duty of exercising ordinary care for his own safety, and also the duty of exercising ordinary care to discover any negligence on the part of the defendant, and, after discovering it, a like degree of care to avoid the consequences of any negligence on the part of the defendant, if there was such. Does that answer your question?" Juror: "Yes, sir." Under the facts of the case, the above was not erroneous because the trial judge did not

go further and charge the principle of law relative to comparative negligence and diminution of damages. The pleadings did not authorize such a charge, and ordinarily, in cases of this character, if a charge upon the comparative-negligence doctrine is desired, it should be properly and timely requested of the trial judge. *Tucker* v. *Central of Ga. Ry. Co.*, 122 *Ga.* 387 (6) (50 S. E. 128).

■ The court did not unduly urge the jury to a verdict, by instructing them as follows, upon their being recalled for further instructions after being out all night: "I will say this, gentlemen, the court has no desire or wish to impose any hardship on the jury. I am sorry that it was not possible to get a place for you to go to bed last night, but there was no such place in town. I will also say further that it is the purpose of the law and the idea for jurors to make a verdict, if they can, without the surrender of any conscientious conviction which they might hold. It is expensive to your county and to the parties for mistrials to occur, and if it is possible for you to agree, after a discussion of the evidence, applying the evidence to the law as given you in charge, without the surrender of any conscientious conviction, it is your duty to do so. Now is there any other question you want to ask?" Juror: "No, sir." The court: "Then you will return to your room and see if you can reach a verdict." See *Crawford* v. *W. & A. R. Co.*, ante, 150 (4).

■ The evidence supported the verdict in the defendant's favor, and the judge did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*