21323. DUNN v. GILBERT.

ARGUED SEPTEMBER 11, 1961—DECIDED OCTOBER 9, 1961—
REHEARING DENIED OCTOBER 24, 1961.

*Wotton, Long & Jones, Grigsby H. Wotton,* for plaintiff in error.

*Preston L. Holland,* contra.

ALMAND, Justice. The exception under review is to an order granting a motion for a new trial on the general grounds only.

This was a suit by J. Carl Gilbert, in which he sought to enjoin Robert C. Dunn from undertaking foreclosure under a deed to secure debt given by Mr. & Mrs. Joseph L. Sanders to Georgia Savings Bank & Trust Company and transferred to Dunn, covering property known as 407 S. Harris Street, East Point, Fulton County. Gilbert alleged that he held a security deed to the same property from the Sanders, but that it was second in point of time to the deed held by Dunn. He alleged that the Sanders' debt to Dunn had been paid, that the security deed held by Dunn should be delivered up and canceled, and that his loan deed be declared the first loan against the property.

Dunn by his answer alleged that the debt of the Sanders to Gilbert had been fully paid and that the security deed held by Gilbert should be canceled.

On the trial of the case the court submitted only one question to the jury, viz., "Has the debt for which the deed from Joseph L. Sanders, Sr., and Elizabeth Ann Sanders to J. Carl Gilbert been paid?" The jury gave an affirmative answer. Gilbert filed a motion for a new trial on the general grounds. He amended with three special grounds, but these merely amplified the general grounds by specifically pointing out wherein the verdict was decidedly and strongly against the weight of the evidence. The court entered an order granting a new trial.

The first grant of a new trial on the general grounds will not be disturbed by this court unless it be shown that the trial judge abused his discretion and that the law and facts required the verdict rendered notwithstanding the judgment of the trial court. *Code* § 6-1608 as amended by Ga. L. 1959, p. 353. We have examined the evidence and cannot say that the evidence demanded a finding that the debt of the Sanders to Gilbert had been paid. The case at bar is distinguishable from *Wallace v. Owen*, 71 Ga. 544 (1a), in that in this case the movant specifically pointed out the evidence and reasons why it was claimed that the verdict was not supported by the evidence.

Counsel for Dunn argues that Gilbert should be barred from proceeding in this case because the loan to the Sanders was infected with usury, and under such circumstances equity will not give him relief because of his illegal and immoral conduct. The reply to this contention is that the evidence does not demand a finding that usurious interest was exacted by Gilbert.

The first grant of a new trial was not error.

*Judgment affirmed. All the Justices concur.*