38929.   YOUMANS v. BARRY, Administratrix, *et al.*

DECIDED OCTOBER 17, 1961—REHEARING DENIED
NOVEMBER 6, 1961.

*Emanuel Kronstadt, Murray A. Galin,* for plaintiff in error.
*Myrick, Myrick & Richardson,* contra.

FELTON, Chief Judge. 1. Plaintiff in error concedes that if the defendant in error's deceased husband had the status of an invitee at the time he was injured in plaintiff in error's automobile, the defendant in error could recover on the ground of Youmans' ordinary negligence, rather than the gross negligence which would be required for a gratuitous guest. See *Taylor v. Austin,* 92 Ga. App. 104, 105 (88 SE2d 190); *McBee v. Williamson,* 96 Ga. App. 859 (2) (101 SE2d 910). "An invitee in an automobile to whom the duty to exercise ordinary care is owing is one who is invited to ride in the car in order to confer a *substantial benefit* upon the owner or operator." (Italics ours). *Taylor v. Austin,* supra, at p. 104 (1a). This "substantial benefit" must be "something more than merely affording the host the pleasure of the guest's company." *Nash v. Reed,* 81 Ga. App. 473 (2) (59 SE2d 259). The question is, then, whether one who is accompanying another in his own car at the other's invitation into another State to witness his wedding to take place there, confers upon his host such a substantial benefit as to constitute him an invitee.

Although the matter of statutory requirements of witnesses to weddings was not raised by the pleadings, the court below, on its own investigation, determined that there was no such statutory requirement, either in South Carolina or Georgia. Even in the

absence of such statutory requirements, however, the question of substantial benefit can be decided, on the basis of common custom and practical experience. Marriage is a sacred institution, ordained by God, which involves the uniting of two parties in wedlock. It is a ceremony which not only affects the lives of those united, but also their friends, relatives and the whole community of which they are a part. Thus, in the social setting, it is not only understandable, but even expected that those of the community who are close to the parties to be married, whether by ties of kinship or friendship, should be present to lend moral support to them, share their happiness upon this important occasion, and act as representatives of the community in which the newlyweds are to assume their new roles. The concept of "substantial benefit" cannot be limited to a financial or economic gain. The psychological value of having one's friends nearby on such occasions is a substantial, albeit intangible, benefit, aside from the more practical aspects, such as having witnesses available to prove the marriage, if it should become necessary. Since the plaintiff's deceased was an invitee at the time of the injury for which suit is brought, the first count of the plaintiff's petition is not subject to general demurrer.

2. The second count of the petition as amended is materially the same as the first count, especially in that plaintiff was alleged to be an invitee, incorporating many of its allegations therein, hence the ruling on the demurrer to the second count is substantially the same. The only addition is an allegation of the defendant's gross negligence, which is attacked by defendant Youmans' general demurrer, which states that the allegations of the petition clearly show that he is not guilty of such gross negligence as would entitle the petitioner to recover against him. It has been held, however, that "a plaintiff can not be deprived of her right to recover on the theory that the decedent's death occurred by reason of the failure of the defendant to exercise ordinary care, at a time when such duty rested upon him, by reason of the fact that the negligence set forth by the petition is characterized as 'gross.' The mere fact that acts may be alleged to constitute 'gross' negligence will not operate to put upon the plaintiff the burden of showing a greater degree of negligence

than will authorize a recovery under the facts set forth." *Blanchard v. Ogletree*, 41 Ga. App. 4, 8 (152 SE 116) and cases cited. Since it has already been decided that the decedent was an invitee as to the host, Youmans, and that only ordinary negligence need be shown to recover, failure to prove gross negligence does not affect the plaintiff's right of recovery; therefore the overruling of the general demurrers to the amended petition was not error.

As to the defendant's special demurrers to count 1, those dealing with the failure of the petition to allege: the speed of defendant Clark's automobile as he was approaching the said intersection, the position of the two said automobiles with reference to the point or place of impact at said intersection, the widths of the streets at the intersection, and facts to support why the defendant Clark had the right of way over the defendant Youmans, these are matters which the defendant Youmans was entitled to know for his defense, consequently the court erred in overruling these special demursers.

The court did not err in overruling the defendant's two general demurrers, but the defendant's special demurrers numbered 2 through 5 should have been sustained.

*Judgment affirmed in part and reversed in part. Bell and Hall, JJ., concur.*