39851.   MALONE v. CITY OF ROSSVILLE.

DECIDED JANUARY 30, 1963.

*Cook & Palmour, A. Cecil Palmour,* for plaintiff in error.
*Paul W. Painter,* contra.

EBERHARDT, Judge. ■ While a verdict was not demanded for the defendant, we can not say that it was not authorized. It is settled that when one of two joint tortfeasors settles with a plaintiff and takes a covenant not to sue, the remaining tortfeasor, or defendant, is entitled to have credited against any damages that the jury might find against it the payment made by the other for the covenant not to sue, up to the full amount thereof. *Atlantic C. L. R. Co. v. Ouzts,* 82 Ga. App. 36 (2) (60 SE2d 770). The reason is, of course, that there can be only one recovery of damages for one wrong or injury. Here the railroad paid Mrs. Malone $4,500, and who can say that the jury did not conclude that even though both the railroad and the city were at fault, she had been fully compensated for her injury? There is no merit in the general grounds.

■ Whether plaintiff was in the exercise of ordinary care for her own safety when she was injured became an issue in the case when raised in the defendant's answer and by the evidence —though, as to evidence, as a result of cross-examination only. Thus the court committed no error when, after charging upon the duty of the city to maintain its streets in a safe condition and telling the jury that "if you find that they did not, and

find that [its failure to do so] was the proximate or direct cause of her injuries; then, if you further find, in addition to all that, that by the exercise of ordinary care and diligence for her own safety Mrs. Malone could not have avoided that injury, then she would be entitled to recover." Ground 1 of the amended motion is without merit.

■ Headnote 3 needs no elaboration.

■ In its answer the city, while admitting that McFarland Avenue was a public street therein, denied that the street "exists where plaintiff alleges she received her injuries." Consequently, the burden of proving that fact was on the plaintiff, and although the evidence may have fully authorized a finding that it did exist at the place where she was injured, we can see no error in the charge of the court that if they should find that she was injured at a point not on a public street the jury should go no further, but further charged that if they should find that the plaintiff was injured on a public street and that her injury resulted from a defect therein, then applying the applicable rules of law they should determine whether, under these and under the facts proven, the city should be held liable and if so to what extent. Special ground 3 is without merit.

■ Special ground 4 of the amended motion asserts that the court erred in charging upon the legal duty of a railroad, under Code § 94-503, to maintain and keep in good order the portions of public roads and streets crossed by the railroad and lying within the limits of its right of way, and in particularly applying this principle to the Central of Georgia Railway Company in connection with its crossing of McFarland Avenue, where plaintiff alleges she was injured. Inasmuch as the Central of Georgia Railway Company had been stricken as a defendant and was not a party to the case, we must agree that this charge was harmful. It was calculated to, and may very well have influenced the jury in arriving at a conclusion that the primary if not the whole duty of maintaining the portion of the street here involved devolved upon the railroad. Thus an issue was injected which was not properly a part of the case. See *Dixie-Ohio Exp., Inc. v. Brackett*, 106 Ga. App. 862, 874 (128 SE2d 642) and citations.

■ Error is assigned upon the admission over timely objection of the following evidence when the Mayor of Rossville was testifying as a witness for the defendant: Q. "Has that crossing ever been dedicated to the City of Rossville that you know of?" A. "Not to my knowledge, no sir." This was not proof of whether there had been a dedication of the street,[1] nor the proper manner of making that proof. The objection should have been sustained and the evidence excluded.

*Judgment reversed. Felton, C. J., and Russell, J., concur.*

---

[1] As to what constitutes a dedication, see generally *Mayor &c. of Macon v. Franklin,* 12 Ga. 239; *Parsons v. Trustees Atlanta University,* 44 Ga. 529; *Bayard v. Hargrove,* 45 Ga. 342; *Brown v. Gunn,* 75 Ga. 441; *Davis v. East Tenn. &c. R. Co.,* 87 Ga. 605 (13 SE 567); *Pettitt v. Mayor of Macon,* 95 Ga. 645 (2) (23 SE 198); *Georgia R. &c. Co. v. City of Atlanta,* 118 Ga. 486, 489 (45 SE 256); *Brown v. City of East Point,* 148 Ga. 85 (95 SE 962); *Dunaway v. Windsor,* 197 Ga. 705 (30 SE2d 627).