### 41010. VARGA v. WILLIAMSON.

PANNELL, Judge. 1. Where a defendant proposes to a plaintiff that if plaintiff would buy some beer for the defendant the defendant would provide plaintiff with a ride to a certain point and the plaintiff accepts said offer and purchases the beer for the defendant, the plaintiff becomes a passenger for hire in the car of the defendant on a ride to the agreed destination. See *Fountain v. Tidwell,* 92 Ga. App. 199 (88 SE2d 486); *Holland v. Boyette,* 93 Ga. App. 497 (92 SE2d

222); *Owens v. White*, 103 Ga. App. 459 (119 SE2d 581); *Holtsinger v. Scarbrough*, 69 Ga. App. 117 (24 SE2d 869); *Youmans v. Barry*, 104 Ga. App. 762 (123 SE2d 158). The petition in the present case by such a plaintiff alleging injuries received by reason of the negligence of such a defendant in the ride contracted for sets forth a cause of action based upon ordinary negligence and the plaintiff is not required to allege gross negligence as is required in cases where the injured plaintiff is a guest passenger in the car of the defendant.

2. The contentions of the defendant that the contract of hire involves the infraction of such civil and penal laws as would make the contract void and unenforceable, *Southern Flour &c. Co. v. Smith*, 31 Ga. App. 52 (120 SE 36), is not shown by the allegations of the petition. Construing the petition most strongly against the pleader and in the light of the rule that on demurrer to a pleading, if unfavorable inferences may be fairly drawn from the pleadings such inferences will prevail, *McEntire v. Pangle*, 197 Ga. 414 (1), (29 SE2d 503), the mere allegation that the plaintiff purchased for the defendant some beer in return for an automobile ride does not authorize the inference, (a) that the sale of beer was illegal in the county where purchased, nor (b) that the defendant driver drank the beer and was guilty of the illegal act of driving under the influence of intoxicating beverages at the procurement of the plaintiff.

The trial court erred in sustaining the general demurrer to plaintiff's petition.

*Judgment reversed.* *Felton, C. J., and Frankum, J., concur.*

DECIDED NOVEMBER 12, 1964—REHEARING DENIED NOVEMBER 24, 1964.

*Marilyn W. Carney*, for plaintiff in error.

*Swift, Pease, Davidson & Chapman, W. G. Scranton, Jr.*, contra.