## 42357. JUHAN v. C. W. MATTHEWS CONTRACTING COMPANY, INC.

HALL, Judge. After a verdict for the defendant in an automobile negligence case, the plaintiff appeals from a judgment overruling her motion for new trial. The case was tried before August 1, 1965, when the Appellate Practice Act of 1965 became effective. Ga. L. 1965, pp. 18, 31, 39, 40.

1. The trial court did not err in failing to charge without request on the law of accident, pleaded as a defense, and on joint and concurrent negligence of the defendant and the driver of the automobile in which the plaintiff was a passenger. Though the evidence may have authorized charges on these subjects, they would have been favorable to the defendant and the plaintiff could not have been harmed by their omission. Nor could the plaintiff have been harmed by the court's failure to charge without request on the subject of agency, since the defendant admitted and there was no dispute that the driver of the defendant's truck, which collided with the plaintiff's husband's car, was the defendant's agent and was driving on the defendant's business.

2. The trial court did not err in failing to charge without request on the subject of negligence per se and the statute requiring every motor vehicle to be equipped with effective brakes and to have two separate means of applying the brakes. Ga. L. 1953, Nov. Sess., pp. 556, 611, as amended, Ga. L. 1965, pp. 406, 407 (*Code Ann.* § 68-1715). There was evidence that the defendant's brakes were not functioning properly and the evidence was uncontradicted that the only braking system on the truck was a foot pedal. The plaintiff's petition alleged that the defendant was negligent in

failing to have proper working and functioning brakes on said truck. It did not allege that this failure violated any statute or ordinance or constituted negligence per se. Though the evidence would have supported charges as contended by the plaintiff had they been requested, it was not error for the court to omit such charges in the absence of requests. *Brown v. Kirkland,* 108 Ga. App. 651, 653 (134 SE2d 472).

3. The trial court did not err in overruling grounds of the plaintiff's motion for new trial based on newly discovered evidence since these special grounds did not comply with the requirements of *Code* § 70-205. *Stone v. Carter,* 218 Ga. 92, 93 (126 SE2d 617); *Johnson v. Oliver,* 138 Ga. 347, 348 (75 SE 245).

4. The trial court did not err in overruling the plaintiff's motion for new trial on any of the special grounds or on the general grounds. *Bibb Cigar &c. Co. v. McSwain,* 95 Ga. App. 659, 661 (98 SE2d 128).

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

ARGUED OCTOBER 3, 1966—DECIDED NOVEMBER 14, 1966.

*Milton Grubbs, Scott Walters, Jr.,* for appellant.

*Reed, Flournoy & Tate, Robert E. Flournoy, Jr., Raymond M. Reed,* for appellee.